PER CURIAM.
Appellants seek review of a post-judgment order concerning the enforcement of an agreed final judgment. Appellant raises several points on appeal but only one merits discussion and requires reversal.
Paragraph 8(b) of the agreed final judgment provided in part:
The P.A. agrees to be responsible, and to no longer claim that Zeig is responsible ... for any and all assessments, charge backs, offsets or claims by Medicare-related agencies with respect to Medicare audits for payments, if any, to Zeig for services rendered for the P.A. during the calendar years 1979 and 1980.
The judgment defined “P.A.” as “the plaintiff/counter defendant Ronald Schreiber, M.D., P.A.” The court retained jurisdiction to enforce the agreed final judgment.
After appellee Zeig received a letter from Medicare stating that he owed $27,498.62 for overpayments during the years 1979 and 1980, appellee notified Schreiber. However, neither Schreiber nor the P.A. took any immediate action. Thereafter, ap-pellee filed a motion to compel enforcement of the agreed final judgment. Appellee requested the court to order “the P.A. to pay $27,498.62 together with interest_”
The trial court granted the motion but ordered Schreiber individually to pay rather than the P.A. Appellee not only did not request this relief but on appeal appellee has failed to demonstrate why this judgment should be enforced against Schreiber individually. Accordingly, we reverse and remand to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.
HURLEY, DELL and WALDEN, JJ., concur.